# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| PRIMO BAGGIOLINI § | |
| § | Civil Action No. 4:19-CV-156 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| OCWEN FINANCIAL CORPORATION, § | |
| ET AL. § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On December 12, 2019, the report of the Magistrate Judge (Dkt. #61) was entered containing proposed findings of fact and recommendations that Defendants' Motion for Summary Judgment (Dkt. #49) be granted. Having received the report of the Magistrate Judge, having considered Plaintiff's Objections (Dkt. #64), Defendants' Response (Dkt. #65), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

## RELEVANT BACKGROUND

The instant suit is the most recent of Plaintiff's efforts to avert foreclosure by the senior lien holder on the real property located at 139 Via Fuchsia, Paso Robles, California 93446 (the "Property"). Plaintiff claims to be a successor in interest to non-party borrowers Charles and Saskia Smit. In such capacity, Plaintiff alleges Defendants Ocwen Financial Corporation, PHH Mortgage Corporation (a successor by merger to Ocwen Loan Servicing, LLC), and Western Progressive LLC are in violation of the Real Estate Settlement Procedures Act ("RESPA") and Truth-in-Lending Act ("TILA") for certain accounting errors committed in the origination and maintenance of the underlying loan on the Property (Dkt. #15).

On December 12, 2019, the Magistrate Judge recommended Defendants' Motion for Summary Judgment (Dkt. #49) be granted, and Plaintiff's claims be dismissed. Specifically the Magistrate Judge found: (1) PHH is a successor in interest to Ocwen Loan Servicing, LLC; (2) Plaintiff lacks standing to bring RESPA and TILA claims and, in any event, such claims are time-barred; (3) Plaintiff is not a successor in interest to the Smits; (4) Plaintiff's claims for declaratory or injunctive relief or equitable accounting, if any, fail as a matter of law; and (5) Plaintiff's claims against Defendant Western Progressive LLC should be dismissed (Dkt. #61).

On January 13, 2020, Plaintiff filed Objections (Dkt. #64). Notably, Plaintiff does not object to the Magistrate Judge's findings that the RESPA and TILA claims are time-barred or that the declaratory and equitable relief, if any is requested, fail as a matter of law (Dkt. #64). As such, the Court adopts these findings. Plaintiff objects only to the findings that: (1) PHH properly joined in the summary judgment; (2) the claims against Western Progressive are subject to dismissal; and (3) Plaintiff is not a successor in interest to the borrowers (Dkt. #64).[1] On January 17, 2020, Defendants filed a Response to Plaintiff's Objections, contending the Objections are untimely,[2] lack the requisite specificity, and "generally rehash the same theories Plaintiff has asserted in prior filings" (Dkt. #65).

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which

---

[1] Plaintiff also incoherently claims the Magistrate Judge failed to recognize certain defects in "Doc 2014052992" and "Document 2015004794" associated with the underlying mortgage (Dkt. #64 at pp. 5–6). In doing so, Plaintiff attempts to raise issues not previously brought before the Magistrate Judge. The Court does not address this argument.
[2] Contrary to Defendant's assertion, Plaintiff's Objections (Dkt. #54) were timely filed. Plaintiff received the Magistrate Judge's report on December 30, 2019 (Dkt. #67). As such, Plaintiff's Objections filed, fourteen days later, on January 13, 2020 are timely.

2

the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). The Court finds Plaintiff's Objections without merit, as discussed further *infra*.

*PHH Mortgage Corporation*

Plaintiff objects to PHH's participation in the Motion for Summary Judgment, arguing there is a "[l]ack of evidence of PHH Mortgage Corp having merged with anyone of the [D]efendants" (Dkt. #64 at p. 2). Plaintiff continues, "[a] merger of a corporation requires filing a merger statement with any changes at Delaware Secretary of State" (Dkt. #64 at p. 2). As noted by the Magistrate Judge, "Rule 25(c) does not require a successor by merger to file a substitution motion or any other motion before asserting its interests in the action" (Dkt. #61 at p. 6). Moreover, certificates of merger are a matter of public record that can be judicially noticed. *Lewis v. Wells Fargo Bank, N.A.*, 939 F.Supp.2d 634, 637 (N.D. Tex. 2013) ("Wells Fargo argues that it is a matter of public record, and a proper subject for judicial notice, that it is the successor by merger to World Savings . . . the court agree[s] and take[s] judicial notice of this fact . . . ."). PHH is successor by merger to OLS and its participation in the Motion for Summary Judgment is proper.[3]

*Western Progressive LLC*

Plaintiff may also object to the recommended dismissal of Plaintiff's claims against Defendant Western Progressive LLC. Plaintiff alleges Western is "a separate entity [from] Defendant Ocwen," and that Western is "causing costly damage [to Plaintiff] by their filing of incorrect financial demands" (Dkt. #64 at p. 2). While Western is a separate entity from the Ocwen Defendants, Plaintiff has not asserted claims against Western which are unique or independent from those asserted against the moving Defendants. Nor has Plaintiff alleged any factual basis

---

[3] *See Agreement and Plan of Merger, dated as of February 27, 2018, by and among Ocwen Financial Corporation, POMS Corp. and PHH Corporation*, https://www.sec.gov/Archives/edgar/data/873860/000149315218002682/ex2-1.htm.

that would subject Western to liability apart from the factual basis alleged against all Defendants. Each of Plaintiff's claims herein fail as a matter of law. Therefore, Plaintiff has no greater likelihood of success against Western than he does against the Ocwen Defendants. The Fifth Circuit has held that parties not joining in a successful motion for summary judgment are nonetheless entitled to benefit from the motion. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001).

*Successor in Interest*

Plaintiff continues to assert he has established himself as a successor in interest to the non-party borrowers. Plaintiff's Objection states in relevant part:

> [The] Court failed to understand that Plaintiff[,] when referred to as Successor in Interest[,] [has] the option to become Successor in Interest without having to assume the responsibility in writing. Plaintiff['s] interest ALSO HAS[] TO BE SUBJECT to [the] Deed of Trust and [N]otes of similar dates.

(Dkt. #64 at p. 5) (emphasis and errors in original).

The Magistrate Judge found that, "Plaintiff's naked assertion that he is a successor in interest" was insufficient to establish such fact (Dkt. #61 at pp. 13–15). Indeed, as the Magistrate Judge pointed out, Plaintiff provides no evidence "showing he assumed any obligations under the Note or Deed of Trust [or] that he in fact 'took title' to the Property . . . [Moreover,] all of the Notices of Default or Trustee's Sale Plaintiff provides—the most recent of which is dated November 14, 2018—lists as Borrowers or Trustor, 'Charles Smit and Saskia Smit.' The San Luis Obispo County Clerk Recorder lists Charles Smit as Grantor on a Notice of Trustee's Sale dated November 20, 2018" (Dkt. #61 at pp. 14–15) (internal citations omitted). And, while a Court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th

4

Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Absent from the present record is competent summary judgment evidence that Plaintiff is a successor in interest.

## CONCLUSION

Having considered Plaintiff's Objections (Dkt. #64), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #61) as the findings and conclusions of the Court.

It is therefore **ORDERED** that Defendants' Motion for Summary Judgment (Dkt. #49) is **GRANTED** and Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED this 19th day of February, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE